**DETELICH, Jr., d. b. a. GREEN PARROT INN,
Plaintiff-Appellant, v. DEPARTMENT OF LIQUOR CONTROL,
Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4434.   Decided October 2, 1950.

Luchette & Hoffman, Masury, for plaintiff-appellant.
Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By MILLER, PJ.

This is an appeal from a judgment of the Court of Common Pleas dismissing an appeal from an order of the Board of Liquor Control.

The record discloses that the judgment was rendered in response to a motion seeking an order of dismissal for the following reasons:

(1) That notice of said appeal was not filed with the Board of Liquor Control.

(2) That said notice of appeal did not set forth therein a copy of the order of the Board of Liquor Control from which said appeal was taken.

In considering the first branch of the motion the facts disclose that the notice of appeal was timely filed in the appellate court and that a copy of the notice was served upon the Department of Liquor Control by serving O. Fleckner, Director of said Department. The question presented is whether the requirements of §154-73 GC, were met, the pertinent part of which provides:

"Any party adversely affected by any order of an agency

\* \* \*, may appeal to the Common Pleas Court. \* \* \*

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the ground of his appeal \* \* \*."

It will be noted that the statute requires that the notice be filed "with the agency." Now was the filing with the Department sufficient to meet the statutory requirement or was it necessary that the notice be filed with the Board of Liquor Control? The term "agency" is defined by §154-62 GC, under which we conclude that both the Department of Liquor Control and the Board of Liquor Control are agencies. Since both are agencies further attention must be given to §154-73 GC, and determine, if possible, which agency or agencies are meant to be served. In so doing it will be noted that the statute refers to the order of "an agency." Clearly, the agency making the order was the Board of Liquor Control. It will be further noted that the statute requires a notice of appeal to be filed "with the agency." We conclude that by using the words "the agency" a definite agency is referred to, to wit, the agency making the order appealed from. The requirements of the statute are mandatory.

In the case of **Lunch Co. v. Glander,** 147 Oh St 147, at p. 150, Matthias, J., in speaking of a similar statute with reference to appeals to the Board of Tax Appeals said:

"The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred. 'The party who seeks to exercise this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment.' **Collins, Exr., v. Millen,** 57 Oh St, 289, 291, 48 N. E. 1097."

We are therefore of the opinion that the proper agency was not served with the notice of appeal.

The next question presented is whether the appellant met the requirements of the same statute since he failed to set forth with the notice of appeal a true copy of the order from which the appeal was taken. The record shows that an instrument designated as "Appeal from Decision of the Board of Liquor Control" was filed with the notice of appeal which contained a statement setting forth the charges made, finding of the Board and the errors assigned. This, we think, constituted a substantial compliance with the mandatory requirements of the General Code which were sufficient to confer jurisdiction upon the Common Pleas Court. In con-

198

sidering a similar requirement under §5611 GC which concerns appeals in tax cases, the Supreme Court restated the rule in the Lunch Co. v. Glander case, supra, at page 150, saying:

"This court has heretofore held in the cases of **Kinsman Square Drug Co. v. Evatt, Tax Commr., 145 Oh St, 52,** 60 N. E. (2d), 668, and **Dayton Rental Co. v. Evatt, Tax Commr., 145 Oh St, 215,** 61 N. E. (2d), 210, that substantial compliance with these mandatory requirements constitutes a condition precedent to the right to be heard, upon appeal, by the Board of Tax Appeals and that a failure to comply therewith warrants the dismissal thereof by the Board of Tax Appeals."

We are therefore of the opinion that the second branch of the motion should have been overruled, but since the first branch supports the judgment of the trial court, the same will be affirmed.

HORNBECK and WISEMAN, JJ, concur.