MICRO LAPPING & GRINDING COMPANY, APPELLEE, *v.* UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, APPELLANT, ET AL.

(No. 48263—Decided November 26, 1984.)

*George J. Argie, Jr.,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Michael P. O'Grady,* for appellant.

*Per Curiam.* This is an appeal from a final judgment of the trial court reversing a decision of the Unemployment Compensation Board of Review. For the reasons adduced below, the trial court's judgment is reversed.

## I

This action arises out of an unemployment compensation claim. On September 10, 1982, Anna Cavlovicak became separated from her employment with Micro Lapping and Grinding Company ("Micro"), and thereafter filed an application for unemployment compensation benefits. On October 12, 1982, claimant received written notification from the Ohio Bureau of Employment Services stating that her application had been disallowed.

Upon claimant's request for reconsideration pursuant to R.C. 4141.28(G), the prior denial of benefits was affirmed. Claimant then appealed to the Unemployment Compensation Board of Review. A hearing was had before board of review Referee Kevin Thornton on January 3, 1983. In a written decision mailed January 6, 1983, the referee reversed the earlier decisions and held that the claimant was entitled to unemployment compensation.

Micro timely received the referee's decision. Micro proceeded to make application to institute a further appeal before the board of review. The application was postal metered on January 18, 1983 and received by the board of review on January 21, 1983.

The board of review denied hearing the appeal. The board of review stated that the application was not timely filed pursuant to R.C. 4141.28(L). Micro timely filed an appeal of the board's refusal to hear the case in the court of common pleas.

Upon hearing the appeal, the court of common pleas reversed the board of review's decision and remanded the case for hearing. From this decision, appellant, Unemployment Compensation Board of Review, appeals. Appellant lists a single assignment of error.

## II

Assignment of error:

"The common pleas court erred in reversing the board's decision dismissing employer's application for further appeal before the board as untimely filed."

An application to institute a further appeal before the board is provided for in R.C. 4141.28(L), which provides as follows:

"All interested parties shall be notified of the referee's decision which shall include the reasons therefor, which decision shall become final unless, within fourteen days after the decision was mailed to the last known post office address of such parties, the board on its own motion removes or transfers such claim to itself or, an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board."

Ohio Adm. Code 4146-13-01 defines the proper ways to file an application with the Unemployment Compensation Board of Review, and provides in pertinent part:

"Notice of appeal by an interested party must be filed not later than fourteen (14) calendar days after a copy of the decision appealed from is mailed to the party's last known post office address, except in cases under 4146-23, in which the notice of appeal by an interested party must be filed not later than thirty (30) calendar days after a copy of the decision appealed from is mailed to the last known post office address of the party. *Notice of appeal may be either mailed or delivered. If notice of appeal is mailed, it must be postmarked before midnight of the last day of the appeal period; if delivered, it must be received at one of the offices named in 4146-5-01 before the closing time of the*

*office on the last day of the appeal period.* In computing the period of time within which an interested party may file an appeal, or an application, within a limited number of days specified in these Rules of Procedure, such period shall begin at 12:01 A.M. on the day next following the date on which the decision or other notice is mailed to his last known post office address and shall extend for the number of days specified above. When the last day of the period of appeal referred to above falls on a Saturday, Sunday, or on a legal holiday, the period shall extend to and include the next day which is not a Saturday, Sunday or a legal holiday. [Emphasis added.]

"(A) Date of Decision or Other Notice.

"The date on which the decision or other notice is deposited in the United States mail, addressed to the last known post office address of the party, shall be the date of the decision or other notice.

"(B) When Appeal, Request, or Application is Deemed to be Filed.

"* * * Filing shall be deemed to be completed on the postmarked date appearing on the enclosing envelope where filing is by mail."

The requirement that a mailed application to institute a further appeal be "postmarked" prior to the running of the appeal time, has been limited to a post office postmark. *Joreski* v. *State of Ohio Unemp. Comp. [Bd.]* (Dec. 1, 1982), Medina App. No. 1174, unreported; *Hannah* v. *Ohio Bur. of Emp. Services* (Mar. 2, 1983), Summit App. No. 10914, unreported. In *Joreski,* at page 4, the court held:

"Where an appellant has been granted the convenience of using the mails to perfect an appeal we can see no valid reason why the Board cannot require appellants to comply with all the requirements of the rule including the use of office postmarks as distinguished from private postage meter marks. Had the Board wished to accept private meter marks it could have by rule so provided. * * *"

We recognize the distinction between postmarked and private postal meter mark to be proper. The plain language of Ohio Adm. Code 4146-13-01 provides that a postmark is required, not a private postal meter mark. Furthermore, there is good reason why the drafters limited it to a post office postmark. A postal meter mark can be set to read any desired date of mailing, while a post office postmark cannot be so manipulated.

Here, the record discloses that the referee's decision was mailed on January 6, 1983. The appellee, Micro Lapping and Grinding Company, therefore had until January 20, 1983 to either actually deliver the application to institute a further appeal, or have it postmarked prior to midnight on that date. The appellee did neither. There was no postmark on the letter, only a private meter mark, and the application was not received until January 21, 1983.

Since the application was not timely filed, the board properly refused to consider the appellee's application to institute a further appeal. The board of review has no discretion in such a matter. The fourteen-day appeal time is mandatory and jurisdictional. *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277 [18 O.O.3d 463].

III

Appellant's assignment of error is well-taken. The trial court erred in reversing the board of review's refusal to consider the application to institute a further appeal.

Judgment reversed.

*Judgment reversed.*

PARRINO, P.J., and RUSSO, J., concur.

NAHRA, J., dissents.

NAHRA, J., dissenting. I respectfully dissent. Appellee had until midnight on January 20 to file its appeal, which included having it postmarked before that time. Neither the statute nor the administrative code require a post office postmark, and I would not read this added provision into the statute. Certainly private meter marks may be manipulated, but in this case there is no question the notice of appeal was mailed before the January 20 deadline since it was received by the board of review on January 21. I would affirm the judgment of the trial court.