WITHERSPOON, APPELLEE, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLANT; INDUSTRIAL TRANSPORT, INC., APPELLEE.

(No. 85AP-87 — Decided August 1, 1985.)

*Robert H. Cohen,* for appellee Carl A. Witherspoon.

*Anthony J. Celebrezze, Jr.,* attorney general, *George H. Calloway* and *Patrick A. Devine,* for appellant.

BROWN, J. Appellant, Ohio Bureau of Employment Services, appeals from a decision of the Court of Common Pleas of Franklin County in which it vacated a decision of the Board of Review, and remanded same for a hearing on the merits of the claim for unemployment benefits of appellee, Carl A. Witherspoon, pursuant to R.C. Chapter 4141.

Appellee was terminated on August 14, 1983 from his employment as an over-the-road truck driver with Industrial Transport, Inc. Three days

later, he filed an interstate claim for unemployment benefits with the Bureau of Employment Security in Philadelphia, Pennsylvania, where he resided. Because the employer was located in Cleveland, Ohio, the claim was referred to the Ohio Bureau of Employment Services.

The claim was denied and Witherspoon requested reconsideration. On December 20, 1983, the administrator issued his decision and affirmed the previous denial.

The evidence shows that Witherspoon went to the Philadelphia office of the Bureau of Employment Security for an explanation of his appeal rights. He was instructed to write a letter which explained his desire to appeal. He mailed the letter the same day, which was received by the Ohio Bureau of Employment Services on January 5, 1984.

The notice of appeal therefore was received on January 5, 1984, more than fourteen days after the reconsideration decision was sent to appellant, and the envelope in which it was contained did not bear any type of postmark of the United States Postal Service, although proper postage was affixed to the envelope. Thereafter, on January 21, 1984, the referee of the Board of Review dismissed the appeal. Further appeal to the Board of Review was disallowed, and the matter was then appealed to the Court of Common Pleas of Franklin County.

In his discussion, the trial judge stated that "[t]he issue presented is what happens when the postal service fails to postmark a mailed notice of appeal which arrives just after the deadline for appeal?" In light of the odd facts and the difficulty in attributing blame to the claimant of the postal service's failure to perform its duty, the court vacated the referee's decision and remanded the case for a hearing on the merits.

Appellant asserts the following assignment of error:

"The Common Pleas Court erred in finding that the Appellant-Appellee [the claimant] had filed a timely appeal from the reconsideration decision of the Administrator where the notice of appeal was neither postmarked nor received by the Board of Review within the fourteen (14) days [sic] appeal period."

Ohio Adm. Code 4146-13-01 sets forth the manner in which the notice of appeal may be filed. That rule, in pertinent part, provides:

"* * * Notice of appeal may be either mailed or delivered. If notice of appeal is mailed, it must be postmarked before midnight of the last day of the appeal period; if delivered, it must be received at one of the offices named in 4146-5-01 before the closing time of the office on the last day of the appeal period. * * *"

Ohio Adm. Code 4146-13-01(B) governs when a mail filing is deemed to have been filed:

"* * * Filing shall be deemed to be completed on the postmarked date appearing on the enclosing envelope where filing is by mail."

These rules are predicated upon R.C. 4141.28(H), which governs the time to appeal as follows:

"Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after such decision was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith."

The trial court's decision is in line with the principles of statutory construction. See 3 Sutherland, Statutory Construction (4 Ed., Sands Ed., 1974) 234, Appeals, Section 67.08. The Ohio Supreme Court, in *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina*

(1982), 70 Ohio St. 2d 257 [24 O.O.3d 344], recognized this principle in a case involving a technically faulty notice of appeal.

In view of the trend toward liberal construction of technical violations of appellate rules, and in order to give respect for the spirit of the law, we agree with the decision of the trial court.

Accordingly, the assignment of error is overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

REILLY, P.J., and McCORMAC, J., concur.

WILLIAM B. BROWN, J., retired, of the Supreme Court of Ohio, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.