BOWMAN, APPELLANT, *v.* ADMINISTRATOR, OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE, ET AL.

[Cite as Bowman *v.* Ohio Bur. of Emp. Serv. (1987), 30 Ohio St. 3d 87.]

(No. 86-1204—Decided April 29, 1987.)

*Brent L. English,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick A. Devine,* for appellee.

MOYER, C.J. The issue raised in this appeal is whether the term "postmark," as used in Ohio Adm. Code 4146-13-01, includes a private meter postmark.

R.C. 4141.28(H) provides that appeals from the administrator's decision on reconsideration may be filed within fourteen days after such decision was mailed to appellant:

"Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after

such decision was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith."

Ohio Adm. Code 4146-13-01, in pertinent part, further defines "filing":

"* * * Notice of appeal may be either mailed or delivered. If notice of appeal is mailed, it must be postmarked before midnight of the last day of the appeal period; if delivered, it must be received at one of the offices named in 4146-5-01 before the closing time of the office on the last day of the appeal period. * * *

"* * *

"(B) * * * Filing shall be deemed to be completed on the postmarked date appearing on the enclosing envelope where filing is by mail."

The administrator's reconsideration decision, sent to Karen Bowman on May 3, 1983, informed her of her appeal rights, in pertinent part, as follows:

"* * * To be considered timely, your appeal must be filed in person or postmarked no later than fourteen calendar days after the date entered [May 3, 1983] * * *."

Bowman argues that a "private meter postmark" and a United States Postal Service post office postmark are equivalent for purposes of Ohio Adm. Code 4146-13-01. The administrator argues that the two are not the same, and that only a postmark affixed by the government office is reliable evidence of timely filing because it is not subject to manipulation.

Despite the legislative mandate of R.C. 4141.46 requiring that R.C. 4141.01 to 4141.46 be liberally construed, the administrator and the lower courts have consistently interpreted "postmark" requirements of the administrative rules and statutes *sub judice* to exclude the use of private meter postmarks as evidence of timely filing.[1] However, we find the reasoning in some of the more recent cases to be persuasive.[2]

---

[1] (Tenth District) *Tietz* v. *Autoviable Serv., Inc.* (Dec. 10, 1985), Franklin App. No. 85AP-679, unreported. (Ninth District) *Kerr* v. *Unemp. Comp. Bd. of Review* (Aug. 20, 1986), Summit App. Nos. 12597 and 12601, unreported; *Cart* v. *Ohio Bur. of Emp. Serv.* (Mar. 26, 1986), Summit App. No. 12264, unreported; *Connelly* v. *Visiting Nurse Serv., Inc.* (Apr. 24, 1985), Summit App. No. 11982, unreported; *Hannah* v. *Ohio Bur. of Emp. Serv.* (Mar. 2, 1983), Summit App. No. 10914, unreported; *Joreski* v. *Unemp. Comp. [Bd. of Review]* (Dec. 1, 1982), Medina App. No. 1174, unreported. (Eighth District) *Berlin* v. *Ohio Bur. of Emp. Serv.* (1985), 27 Ohio App. 3d 59, 27 OBR 77, 499 N.E. 2d 1252; *Micro Lapping & Grinding Co.* v. *Unemp. Comp. Bd. of Review* (1984), 20 Ohio App. 3d 356, 20 OBR 460, 486 N.E. 2d 225; *Lindgren* v. *Unemp. Comp. Bd. of Review* (Dec. 19, 1985), Cuyahoga App. No. 49924, unreported; *Ohio Bur. of Emp. Serv.* v. *Cowan Corp.* (May 23, 1985), Cuyahoga App. No. 48858, unreported; *Holiday Inn* v. *Ohio Bur. of Emp. Serv.* (Mar. 21, 1985), Cuyahoga App. No. 48603, unreported.

[2] *Metal Seal & Products, Inc.* v. *[Unemp. Comp.] Bd. of Review* (Sept. 29, 1986), Lake App. No. 11-215, unreported; *Gillespie* v. *Ohio Bur. of Emp. Serv.* (Aug. 14, 1986), Franklin App. No. 86AP-223, unreported. Cf. *Witherspoon* v. *Ohio Bur. of Emp. Serv.* (1985), 24 Ohio App. 3d 128, 24 OBR 199, 493 N.E. 2d 569.

While administrative agencies may expressly require that timely mailing of a notice of appeal may only be evidenced by postmarks affixed by the United States Postal Service, the administrator has not created such a requirement in Ohio Adm. Code 4146-13-01. The term "postmark" is not generally defined in any relevant statute or rule. The administrator, who, by rule, permits "postmarks" to evidence timely filing of documents, is deemed to be on notice of pertinent postal regulations in the United States Postal Service Domestic Mail Manual ("DMM") defining and regulating "postmarks."

Private meter postmarks are official postmarks imprinted under license from the United States Postal Service (DMM Section 144.2), and metered mail is entitled to all privileges applying to the various classes of mail. (DMM Section 144.111.) The United States Postal Service requires the date shown on private meter postmarks to be the actual date of deposit of mail (or the next scheduled collection day). (DMM Section 144.471.)[3] If the wrong date appears, a .00 postage meter impression with the correct date is stamped on the envelope by the post office. Otherwise, metered mail is not canceled or postmarked by the Postal Service. (DMM Section 144.534.)[4] Although metered mail is subjected to only random, selective samplings to detect misuse of meters (under DMM Section 144.61),[5] such

---

[3] The United States Post Office Domestic Mail Manual defines how and when a meter stamp may be used. Section 144.471 provides:

"[.47 Date of Mailing]

".471 Dates shown in the meter postmark of any type or kind of mail must be the actual date of deposit except when the mailing piece is deposited after the last scheduled collection of the day. When deposit is made after the last scheduled collection of the day, mailers are encouraged but not required to use the date of the next scheduled collection. When a .00 postage meter impression is used to correct the date of metered mail, the date in that impression shall be considered to be the actual date of deposit."

[4] Section 144.534 provides:

".534 Examination

"Examine mail while it is being routed for distribution to determine that it is properly prepared. This examination may be made by a selective check of the pieces as they are distributed. Metered mail bearing the wrong date of mailing (see 144.47) will be run through a canceling machine or otherwise postmarked to show the proper date. Form 3749 will be used by postmasters to call irregularities to the attention of the mailer. * * *"

[5] "144.6  Security

".61  Quarterly Verification

"a. Area mail processing units and post offices which do initial distribution of originating mail must take a sampling of local originating metered mail (letters and parcels, including those bearing Postal Service meter stamps) each quarter. This sampling is designed to:

"(1)  Detect use of unauthorized meters.

"(2)  Detect altered metered stamps.

"(3)  Detect improper metered mail procedures by mailers, especially the use of incorrect postmarks.

"(4)  Detect shortpaid mail."

samplings and the sanction of license revocation (DMM Section 144.23)[6] discourage misuse of postmark meters.

Given notice of these regulations, and in fairness to appealing parties, the only reasonable presumption is that a private meter postmark constitutes evidence of the date of deposit of the item in the mail. We conclude, therefore, that because the administrator has used the general term "postmark" in Ohio Adm. Code 4146-13-01, private meter postmarks are "postmarks," presumptively valid and accurate, for purposes of timely filing of an appeal to the board under the code.

Bowman's notice of appeal was received by the board bearing a postage meter mark dated within the appeal period. Bowman presented testimonial evidence by her attorney that he, in fact, mailed her notice on the date indicated on the stamp. The board presented no evidence to rebut the presumption that the notice was mailed on the date indicated on the stamp.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[6] "144.2 Meter License

"* * *

".23 Revocation

".231 A license will be revoked if a meter is used in operating any scheme or enterprise of an unlawful character, for nonuse during any consecutive 12 months, or for any failure of the licensee to comply with the regulations governing the use of postage meters."