Laura **GUTIERREZ**, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Department of Labor and Employment, Division of Employment and Training, and Monfort of Colorado, Inc.,** Respondents.

No. 91CA1125.

Colorado Court of Appeals,
Div. III.

Oct. 22, 1992.

Ann M. la Plante, Colorado Rural Legal Services, Inc., Greeley, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Evelyn Bachrach Makovsky, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Dept. of Labor and Employment, Div. of Employment and Training.

No appearance for respondent Monfort of Colorado, Inc.

Opinion by Judge REED.

Laura Gutierrez, claimant, seeks review of the final order of the Industrial Claim Appeals Panel denying her claim for full unemployment compensation benefits. She contends that the Panel erred in concluding that the employer, Monfort of Colorado, Inc., was not barred from participating in the proceedings because it had filed an untimely response to a request for information by the Employment and Training Division. We disagree and, thus, affirm.

After the filing of the claim, the Division mailed a Request for Job Separation Information to the employer on December 27, 1990. Under § 8–74–102(1), C.R.S. (1986 Repl.Vol. 3B), the employer had twelve days from the date of mailing of the request to respond; the statute provides that "[s]uch information must be *postmarked* or received by the division within twelve calendar days from said date of mailing." (emphasis added) Failure to make a timely response bars the employer from protesting the claim. *See* Division of Employment and Training Regulation No. 7.2.8, 7 Code Colo.Reg. 1101–2.

The employer's twelve days expired on January 8, 1990. The employer's response was dated January 8, 1990, and the envelope in which it was sent bore a private postage meter mark of that date. It did not, however, have a postmark affixed directly by the United States Postal Service, nor was it postmarked with a corrected date stamped by that office. The response was not received by the Division until January 17.

The deputy ruled that the employer's response was timely and denied the claim. On appeal, the referee ruled that the response was timely because the evidence established that it was mailed on January 8, permitted the employer to participate in the hearing, and affirmed the deputy's decision denying the claim. The Panel affirmed.

Claimant contends that the Panel erred in ruling that the employer was properly permitted to participate in the hearing before the referee. We disagree, concluding that the employer's response was timely.

The term "postmark" is not defined in any applicable statute or regulation. Claimant cites the dictionary definition of postmark in *Webster's Third New International Dictionary* 1772–73 (1981) as an "*official* postal marking on a piece of mail" in support of her contention that the private postage meter mark was not a postmark.

However, under United States Postal Service regulations, private postage meter marks are official postmarks imprinted under license from the Postal Service. Privately metered mail is entitled to all the privileges applying to the various classes of mail, and such mail is not canceled or postmarked by the Postal Service unless incorrectly dated. *See* 39 C.F.R. §§ 111.1–111.5 (1991); *United States Postal Service Domestic Mail Manual* §§ 144.111, 144.2, 144.471, 144.532; 144.534 (1991); *Bowman v. Administrator,* 30 Ohio St.3d 87, 507 N.E.2d 342 (1987).

To discourage misuse of private postage meters, such as incorrect dating, the Postal

Service conducts random checks of privately metered mail. *Domestic Mail Manual* § 144.6. *See Bowman v. Administrator, supra.*

Further, if the date stated by the meter mark differs from the date the item is actually deposited in the mail, the item is postmarked with the corrected date of deposit. *Bowman v. Administrator, supra; Domestic Mail Manual* §§ 144.471, 144.-534; Postal Operations Manual § 423.35.

In *Bowman,* the applicable regulation, like § 8–74–102(1), required the document to be "postmarked" before the expiration of the specified period. Based on the Postal Service regulations, the court held that private postage meter marks were postmarks under the regulation, and the date reflected by the mark is presumptively accurate as to the date the item was mailed. *See also Haynes v. Hechler,* 392 S.E.2d 697 (W.Va.1990).

We agree and conclude that private postage meter marks are postmarks within the meaning of § 8–74–102(1). Further, the record here supports the presumption that the protest was in fact mailed upon the meter date. Thus, the employer's response was timely, and it was properly permitted to participate in the hearing.

Because of our resolution of this issue, we need not address the other issues raised by claimant.

The order is affirmed.

STERNBERG, C.J., and MARQUEZ, J., concur.