DUFFY, Appellee and Cross–Appellant,

v.

HAMILTON COUNTY BOARD OF COMMISSIONERS,
Appellant and Cross–Appellee.

[Cite as *Duffy v. Hamilton Cty. Bd. of Commrs.* (1994), 92 Ohio App.3d 717.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–920801 and C–920823.

Decided Jan. 12, 1994.

*Manley, Burke, Fischer & Lipton* and *Timothy M. Burke,* for appellee and cross-appellant.

*Christopher J. Snyder,* for appellant and cross-appellee.

---

*Per Curiam.*

In the appeal numbered C–920801, defendant-appellant and cross-appellee, Hamilton County Board of County Commissioners ("Board of Commissioners"), appeals from the judgment of the Hamilton County Court of Common Pleas reversing the decision of the State Personnel Board of Review ("PBR") that PBR lacked jurisdiction to hear the appeal of plaintiff-appellee and cross-appellant, Thomas P. Duffy ("Duffy"). In the appeal numbered C–920823, Duffy appeals from the trial court's ruling which granted the Board of Commissioners' motion to strike certain documents filed by Duffy during the proceedings below. For the reasons that follow, we reverse the lower court's judgment as it pertains to the question of the PBR's jurisdiction. We affirm the court below with regard to its order sustaining the Board of Commissioners' motion to strike.

On August 23, 1991, the Board of Commissioners passed a resolution in which it adopted an order removing appellee from the position of Building Inspector I for reasons that included dishonesty and failure of good behavior. See R.C. 124.34. On August 26, 1991, a copy of the order was filed with the PBR. Eleven days later, on September 6, 1991, Duffy's appeal of the order of removal was time-stamped as being filed at 9:35 a.m. On October 24, 1991, an administrative

law judge recommended that Duffy's appeal be dismissed as being filed outside the jurisdictional time requirements of R.C. 124.34, which provides, in part:

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority."

On October 30, 1991, Duffy filed objections to the administrative law judge's recommendation and requested oral argument thereon before a board of the PBR. On January 21, 1992, the PBR denied Duffy's request for oral argument. On February 3, 1992, a board of the PBR adopted the administrative law judge's recommendation and ordered Duffy's appeal dismissed for want of jurisdiction. Duffy then appealed the PBR's dismissal to the Hamilton County Court of Common Pleas. In support of the appeal, Duffy offered various documents, including an affidavit dated July 4, 1992, of attorney Sally Cremeens–Strong, and a Certification of United States Postal Service Commitment which set forth a timetable concerning the delivery of mail from Cincinnati to Columbus, Ohio. The Board of Commissioners' motion to strike was granted by the lower court with respect to all the documents except paragraph eight of Cremeens–Strong's affidavit, which concerned her identification of the envelope containing Duffy's appeal to the PBR from the order of removal. That envelope carries a postal meter stamp bearing the date September 3, 1991.

In a decision dated October 7, 1992, the lower court reversed the PBR's decision and remanded the cause for further consideration of Duffy's appeal. In support of its ruling, the court reasoned that Duffy's appeal was timely because it was mailed eight days after the order of removal was filed with the PBR. The court relied upon Duffy's certification of the Postal Service Commitment that the appeal should have been delivered to the PBR the next day. The court further accepted a representation contained in one of Duffy's objections to the administrative law judge's recommendation: that the Columbus branch of the postal service delivered the mail to the basement of the building housing the PBR. From there, the court found that the mail was handled by non-postal employees. The court also observed that the envelope which carried Duffy's appeal to the

PBR displayed a September 3, 1991 postal meter stamp. The court referred to this stamp as a postmark. Finally, the court reasoned that the dismissal of Duffy's appeal by the PBR on jurisdictional grounds was violative of the Equal Protection Clause in both the United States and Ohio Constitutions.

## I

The Board of Commissioners alleges in the first of its three assignments of error that the trial court erred by exercising jurisdiction over Duffy's appeal. In its third assignment, the Board of Commissioners maintains that the lower court erred by remanding the case to the PBR. Because the arguments in support of these assignments are similar, we discuss them together, finding them to have merit.

We have quoted, *supra*, pertinent parts of R.C. 124.34. In addition, former Ohio Adm.Code 124–1–03 requires, in part:

"(A) Except as set forth below, appeals from section 124.34 orders shall be filed, in writing, not more than ten calendar days after the filing of an order with the state personnel board of review."

Ohio Adm.Code 124–11–09(A) states unequivocally that "[a] document is filed when it is received and time stamped in the office of the state personnel board of review." In *State ex rel. Kent State Univ. v. State Personnel Bd. of Review* (June 21, 1990), Franklin App. No. 90AP–525, unreported, 1990 WL 85135, two employees of the relator appealed the denial of their request for reclassification to the State Personnel Board of Review. Pursuant to R.C. 124.14(D),[1] the

---

1. R.C. 124.14(D) reads, in pertinent part:

   "When the director proposes to reclassify any employee, he shall give to the employee affected and to his appointing authority a written notice setting forth the proposed new classification, pay range, and salary. Upon the request of any classified employee who is not serving in a probationary period, the director shall perform a job audit to review the classification of the employee's position to determine whether the position is properly classified. The director shall give to the employee affected and to his appointing authority a written notice of the director's determination whether or not to reclassify the position or to reassign the employee to another classification. An employee or appointing authority desiring a hearing shall file a written request therefor with the state personnel board of review within thirty days after receiving the notice. The board shall set the matter for a hearing and notify the employee and appointing authority of the time and place of the hearing. The employee, appointing authority, or any authorized representative of the employee who wishes to submit facts for the consideration of the board shall be afforded reasonable opportunity to do so. After the hearing, the board shall consider anew the reclassification and may order the reclassification of the employee and require the director to assign him to such appropriate classification as the facts and evidence warrant. The board shall disallow any reclassification or reassignment classification of any employee when it finds that changes have been made in the duties and responsibilities of any particular employee for political, religious, or other unjust reasons."

employees mailed their respective notices of appeal twenty-six days after they received notice of relator's denial of reclassification. However, instead of mailing the notices of appeal to the PBR, they mailed them to the Department of Administrative Services, where the notices were received the following day. The department forwarded the notices to the PBR approximately one and one-half months later. When the PBR denied relator's motion to dismiss the appeals, relator sought a writ of prohibition from the Franklin County Court of Appeals. In ruling that the writ should issue, the court reasoned:

"It is well-established that where a statute confers a right of appeal, such appeal may be perfected only by compliance with the mandatory statutory requirements. *Zier v. Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123 [38 O.O. 573, 84 N.E.2d 746], paragraph one of the syllabus. Where a statute requires that an administrative appeal be filed within a specified time period, compliance with such requirement is a necessary precondition to invoking the appellate jurisdiction of the administrative agency. *McCruter v. Bd. of Review* (1980), 64 Ohio St.2d 277, 279 [18 O.O.3d 463, 464–465, 415 N.E.2d 259, 260–261]. See, also, *Griffith v. J.C. Penney Co.* (1986), 24 Ohio St.3d 112, 113 [24 OBR 304, 304–305, 493 N.E.2d 959, 960–961] and *Bd. of Edn. of Mentor v. Bd. of Revision* (1980), 61 Ohio St.2d 332, 333–334 [15 O.O.3d 398, 398–399, 401 N.E.2d 435, 435–436]. If the requirements of the statute conferring a right of appeal are mandatory, the agency may not waive such requirements. *Bd. of Edn. of Mentor, supra.* The term filing means actual delivery into the official custody and control of the administrative agency. *Fulton, Supt. of Banks v. State, ex rel. General Motors Corp.* (1936), 130 Ohio St. 494 [5 O.O. 142, 200 N.E. 636], paragraph one of the syllabus. Where the statute requires the filing of a notice with a particular agency or officer, filing with a different agency or office does not comply with the statutory mandate. *Kenney v. Evatt, Tax Commr.* (1945), 144 Ohio St. 369 [29 O.O. 541, 59 N.E.2d 47] and *Detelich v. Dept. of Liquor Control* (Franklin App.1950), 62 Law Abs. 195 [107 N.E.2d 415]."

We find the reasoning of the Franklin County Court of Appeals persuasive and give it dispositive weight with respect to the Board of Commissioners' first and third assignments of error. Accordingly, those assignments are sustained.

In its second assignment of error, the Board of Commissioners claims that the lower court erred by basing its decision on certain matters that were not part of the evidentiary record. These claims are the subject of Duffy's cross-appeal and will be discussed hereafter. We conclude that this assignment is also subsumed in our disposition of the Board of Commissioners' first and third assignments of error.

## II

In Duffy's first assignment of error in his cross-appeal, he argues that the lower court erred by striking certain parts of the affidavit of Cremeens–Strong. In his second assignment of error, Duffy protests the lower court's striking of the postal certification. We treat these related claims as a unit involving no demonstrable error.

The portions of the Cremeens–Strong affidavit that were stricken concerned, *inter alia*, the fact that she mailed Duffy's notice of appeal on September 3, 1991; that she subsequently learned that the United States Postal Service delivered mail to PBR's office building at 6:30 a.m. each day; and that the internal delivery of the mail was accomplished by persons who were not postal service employees. As noted above, the postal certification concerned one-day service between Cincinnati and Columbus.

Pursuant to R.C. 119.12, the court may grant a request for the admission of additional evidence. Duffy argues that since he was precluded from presenting evidence before the PBR, the lower court erred by striking portions of the affidavit. Even assuming such error, we conclude, based upon our resolution of the Board of Commissioners' first and third assignments of error, that Duffy was not prejudiced by the exclusion of that evidence. We, therefore, overrule Duffy's first and second assignments of error.

In conclusion, we have sustained the Board of Commissioners' first and third assignments of error. We have concluded that the Board of Commissioners' second assignment of error is subsumed in our resolution of those assignments. Finally, we have overruled the two assignments of error advanced in Duffy's cross-appeal. Accordingly, in C–920801, the judgment of the court of common pleas is reversed and this cause is remanded with instructions for that court to enter judgment in favor of the Board of Commissioners, in accordance with this decision and law. With respect to the cross-appeal, No. C–920823, the judgment is affirmed.

*Judgment accordingly.*

SHANNON and DOAN, JJ., concur.

HILDEBRANDT, J., dissents.

HILDEBRANDT, Judge, dissenting.

I respectfully dissent. The issue in this case is not whether Duffy is guilty of the accusations made by the appointing authority. He may very well have been appropriately removed by the Board of Commissioners. However, we cannot reach that issue because Duffy has been denied an appeal from the order of

removal for reasons that have no basis under the law that was in effect at the time of the proceedings below. The sole issue is whether the trial court's judgment was the product of an abuse of discretion. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267. I would hold that the judgment was neither unreasonable, arbitrary nor unconscionable. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172–173, 404 N.E.2d 144, 149..

As the majority notes, the lower court ruled that paragraph eight of Cremeens–Strong's affidavit, which identified the envelope bearing the September 3, 1991 postal meter stamp as the one in which she mailed Duffy's appeal to the PBR, could stand.[1] In *Bowman v. Ohio Bur. of Emp. Serv.* (1987), 30 Ohio St.3d 87, 30 OBR 234, 507 N.E.2d 342, the court held in the syllabus:

"Private meter postmarks are postmarks, presumptively valid and accurate, for purposes of the timely filing of an appeal to the Unemployment Compensation Board of Review under Ohio Adm.Code 4146–13–01."

In so holding, the court reasoned:

"Private meter postmarks are official postmarks imprinted under license from the United States Postal Service (DMM Section 144.2), and metered mail is entitled to all privileges applying to the various classes of mail. (DMM Section 144.111.) The United States Postal Service requires the date shown on private meter postmarks to be the actual date of deposit of mail (or the next scheduled collection day). (DMM Section 144.471.) If the wrong date appears, a .00 postage meter impression with the correct date is stamped on the envelope by the post office. Otherwise, metered mail is not canceled or postmarked by the Postal Service. (DMM Section 144.534.) Although metered mail is subjected to only random, selective samplings to detect misuse of meters (under DMM Section 144.61), such samplings and the sanction of license revocation (DMM Section 144.23) discourage misuse of postmark meters.

"Given notice of these regulations, and in fairness to appealing parties, the only reasonable presumption is that a private meter postmark constitutes evidence of the date of deposit of the item in the mail. We conclude, therefore, that because the administrator has used the general term 'postmark' in Ohio Adm.Code 4146–13–01, private meter postmarks are 'postmarks,' presumptively valid and accurate, for purposes of timely filing of an appeal to the board under the code." (Footnotes omitted.) *Id.* at 90, 30 OBR at 236–237, 507 N.E.2d at 344.

---

1. I would also hold that the third paragraph of Cremeens–Strong's affidavit should stand. There, she avers that she mailed the notice of appeal to the PBR on September 3, 1991. However, the fact that it was stricken does not affect this analysis.

As the majority has observed, the lower court reasoned that if actual physical delivery were the only means of complying with R.C. 124.34, such a requirement would be violative of the Equal Protection Clauses of the Ohio and United States Constitutions.

R.C. 124.328 pertains to appeals to the PBR by classified employees who have been subjected to a layoff or displacement, and provides:

"An employee may appeal a layoff, or a displacement which is the result of a layoff, to the state personnel board of review. The appeal shall be filed or postmarked no later than ten days after receipt of the notice of layoff or after the date the employee is displaced. In cases involving the laying off of classified employees the affected employee may appeal the decision of the state personnel board of review to the common pleas court. The appeal from the state personnel board of review shall be made in accordance with section 119.12 of the Revised Code."

R.C. 124.34, which pertains to employees who have been removed from classified service for reasons that include failure of good behavior, reads, in part:

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority.

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

Ohio Adm.Code 124–1–03 provides, in part:

"(A) Except as set forth below, appeals from 'section 124.34 orders' shall be filed, in writing, not more than ten calendar days after the filing of an order with the state personnel board of review.

"(B) Appeals from layoffs and job abolishment shall be in writing and shall be filed with the board, or *postmarked* not more than ten calendar days after receipt of the notice of layoff or notice of displacement." (Emphasis added.)

As can be seen, the above section of the Administrative Code treats classified employees removed pursuant to R.C. 124.34 differently from those who suffer layoff or job abolishment. This is especially true under Ohio Adm.Code 124–11–09, which provides, in part:

"(A) A document is filed when it is received and time stamped in the office of the state personnel board of review.

"(B) For purposes of calculating the appeal time in a disciplinary action, the filing date of a 'section 124.34 order' is the date the order is time stamped by the state personnel board of review or the date of filing indicated on the order by the appointing authority, whichever is later. The date of filing which the appointing authority indicates on the 'section 124.34 order' shall be a date not more than ten days after the effective date of the order."

In *Porter v. Oberlin* (1965), 1 Ohio St.2d 143, 30 O.O.2d 491, 205 N.E.2d 363, the court held in the second paragraph of the syllabus:

"Legislation must apply alike to all persons within a class, and reasonable grounds must exist for making a distinction between those within and those without a designated class. Within the limits of these restrictive rules, a legislative body has a wide measure of discretion."

More recently, the court explained that a statute must be upheld "if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective." *Denicola v. Providence Hosp.* (1979), 57 Ohio St.2d 115, 119, 11 O.O.3d 290, 293, 387 N.E.2d 231, 234.

Based upon the above authority, I agree with the lower court's determination that permitting some classified employees to perfect their appeals to the PBR by a timely postmark, while other classified employees must perfect their appeals by ensuring that such appeals are received and time-stamped by the PBR, raises equal protection concerns. Further, pursuant to *Bowman, supra,* Duffy's postage-metered envelope raises the presumption that the appeal was mailed within the prescribed time. Under these circumstances, I am not persuaded that the decision of the trial court was unreasonable, arbitrary or unconscionable. I would, therefore, affirm the judgment of the court of common pleas.