No. 2--08--0129      Filed: 12-19-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DONALD WICKMAN, | ) | On Petition for Administrative Review from |
| | ) | the Illinois Property Tax Appeal Board. |
| Petitioner, | ) | |
| | ) | |
| v. | ) | PTAB Case Nos. 06--01972.001--C--3 |
| | ) | through |
| | ) | 06--01972.015--C--3 |
| | ) | |
| ILLINOIS PROPERTY TAX APPEAL | ) | |
| BOARD and THE KANE COUNTY | ) | |
| BOARD OF REVIEW, | ) | |
| | ) | |
| Respondents. | ) | |

JUSTICE SCHOSTOK delivered the opinion of the court:

Petitioner, Donald Wickman, the owner of various parcels of commercial real estate, seeks review of the decision of the Illinois Property Tax Appeal Board (PTAB), which dismissed his appeals from the Kane County Board of Review's (BOR) assessment of the property. Because Wickman sought a change in assessed valuation of $300,000 or more, we have jurisdiction to review the decision directly. 35 ILCS 200/16--195 (West 2006). We reverse and remand to the PTAB with instructions to consider Wickman's appeals on the merits.

The BOR issued its notices of assessment on March 12, 2007. Thereafter, Wickman mailed a petition to the PTAB, seeking review of the assessments. The PTAB sent the BOR written notice of the appeals. The notice indicated that Wickman's petition was postmarked April 12, 2007. The

BOR moved to dismiss the appeals because they were not filed within 30 days after the date of written notice of the assessments, as required under section 16--160 of the Property Tax Code (Code) (35 ILCS 200/16--160 (West 2006)). Wickman responded that the petition was placed in the mail on April 11, 2007, the final day of the 30-day period, and was therefore timely. The record on appeal includes a photocopy of the envelope in which the petition was mailed to the PTAB. A postage meter imprint dated April 11, 2007, appears on the envelope as does a postmark (or "cancellation mark") applied by the United States Postal Service (USPS).

The PTAB dismissed the appeals, but advised Wickman that it would consider a request to reinstate the appeals upon proof that they were timely filed. Wickman moved for reconsideration, but the PTAB denied the motion. Affidavits submitted in support of Wickman's response to the BOR's motion to dismiss and his motion to reconsider the dismissal indicate that his attorney's legal assistant deposited the petition in the mail at the St. Charles post office at about 4:15 p.m. on April 11, 2007.

At the outset, we note that the PTAB has filed a motion to strike an exhibit attached to Wickman's reply brief. The exhibit consists of photographs of a United States mailbox labeled to indicate that mail is collected at 4:45 p.m. The PTAB also moves to strike references to the exhibit in Wickman's reply brief. We ordered the motion taken with the case. The photographs are not part of the record on appeal. "Attachments to briefs not included in the record on appeal are not properly before the appellate court, and they cannot be used to supplement the record." Wauconda Fire Protection District v. Stonewall Orchards, LLP, 343 Ill. App. 3d 374, 377 (2003). Accordingly, we grant the PTAB's motion.

Turning to the merits, Wickman argues that his appeals were filed on April 11, 2007, and were therefore timely. He notes, inter alia, that April 11, 2007, is the date that appears on the postage meter mark on the envelope enclosing the petition and that it is undisputed that the petition was placed in the mail on that date. He also insists that April 11, 2007, is the "postmark date" for the petition and that the petition "was therefore timely as a matter of law." Wickman further contends that the USPS postmark is indecipherable and that, in any event, it has no bearing on the timeliness of his appeals.

Section 16--160 of the Code (35 ILCS 200/16--160 (West 2006)) provides that a taxpayer may appeal to the PTAB from a decision of a board of review within 30 days after the date of written notice of the decision. There is no dispute that the last day of the 30-day period was April 11, 2007. Accordingly, the salient issue is whether Wickman filed his appeals on or before that date. Section 1.25 of the Statute on Statutes provides, in pertinent part, as follows:

"Unless An Act otherwise specifically provides, any writing of any kind or description required or authorized to be filed with, and any payment of any kind or description required or authorized to be paid to, the State or any political subdivision thereof, by the laws of this State:

(1) if transmitted through the United States mail, shall be deemed filed with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it;

(2) if mailed but not received by the State or political subdivision, or if received but without a cancellation mark or with the cancellation mark illegible or erroneous, shall be deemed filed with or received by the State or political subdivision to which it was required

or authorized to be directed on the date it was mailed, but only if the sender establishes by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." (Emphasis added.) 5 ILCS 70/1.25 (West 2006).

The Code does not indicate when an appeal is considered filed, so the foregoing provision applies. Consequently, if the envelope enclosing Wickman's petition had borne a legible cancellation mark, that mark--unless "erroneous"--would establish the date of filing. A postmark functions as a cancellation mark, and the terms are sometimes used interchangeably. See In re Application of County Collector, 265 Ill. App. 3d 485, 488 (1994) (noting that the cancellation mark is "commonly referred to as the postmark"). A postmark is "an official postal marking on a piece of mail; specif : a mark showing the name of the post office and the date and sometimes the hour of mailing and often serving as the actual and only cancellation." Webster's Third New International Dictionary 1772-73 (1993). The high court of a sister state has noted, however, that "[p]rivate meter postmarks are official postmarks imprinted under license from the United States Postal Service [citation], and metered mail is entitled to all privileges applying to the various classes of mail." Bowman v. Administrator, Ohio Bureau of Employment Services, 30 Ohio St. 3d 87, 90, 507 N.E.2d 342, 344 (1987). It has also been held that marks imprinted by private postage meters serve the same purpose and have the same effect as cancellation marks. Chevron U.S.A., Inc. v. Department of Revenue, 154 P.3d 331, 334-35 (Wyo. 2007).

Assuming, without deciding, that a private postage meter mark qualifies as a cancellation mark, then the envelope enclosing the petition contained two cancellation marks: the postage meter mark and the USPS postmark/cancellation mark. However, only the former--the postage meter

mark--is legible. Although that mark is faint, the date April 11, 2007, is discernable upon close examination. In contrast, the date of the USPS postmark/cancellation mark is superimposed over a machine-readable portion of the postage meter mark and is largely unreadable. On careful inspection, the number 12 (evidently signifying the day of the month) is sufficiently recognizable, as are the first two digits of the year--"2" and "0." However, the remaining digits of the year and the abbreviation for the month are completely illegible.

We need not decide whether the postage meter mark is or is not a cancellation mark within the meaning of section 1.25 of the Statute on Statutes. Wickman's appeals would be timely in either event. If the postage meter mark is a cancellation mark, it is the only legible one on the envelope; it would establish the filing date as April 11, 2007, pursuant to subsection (1) of section 1.25. If, on the other hand, the postage meter mark is not a cancellation mark, then there is no legible cancellation mark on the envelope, and the timeliness of the appeals would be governed by subsection (2) of section 1.25, which provides that a writing is deemed filed on the date it is mailed "if the sender establishes by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." 5 ILCS 70/1.25(2) (West 2006). There is no dispute that the envelope was properly addressed, and Wickman has established by affidavit that the envelope was deposited in the United States mail on April 11, 2007.

We conclude, as a matter of law, that Wickman's appeals were timely filed on April 11, 2007. Accordingly, we reverse the order dismissing Wickman's appeals and remand to the PTAB for proceedings on the merits of those appeals.

Reversed and remanded with instructions.

ZENOFF, P.J., and McLAREN, J., concur.