[Cite as *Gross v. Ohio Dept. of Agriculture*, 2022-Ohio-2154.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Paul Gross,                                     :

    Appellant-Appellant,         :

                        No. 22AP-46
                   :      (C.P.C. No. 21CV-1579)

v.                                              :

                   :   (ACCELERATED CALENDAR)

Ohio Department of Agriculture,                 :

    Appellee-Appellee.           :

                   :

D E C I S I O N

Rendered on June 23, 2022

**On brief:** *Lagos & Lagos, P.L.L.*, and *Argeri A. Lagos*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Paul Gross, appeals the January 11, 2022 judgment of the Franklin County Court of Common Pleas that dismissed for lack of subject-matter jurisdiction appellant's appeal of the March 5, 2021 order of appellee, Ohio Department of Agriculture, imposing a $500 civil penalty against appellant for selling topsoil by a method other than per cubic meter or yard or by weight. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} The common pleas court sua sponte dismissed appellant's appeal with prejudice based on its interpretation of R.C. 119.12(D) which reads:

> Any party desiring to appeal shall file a notice of appeal with the agency *setting forth the order appealed from* and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal may, but need not, set forth the specific

> grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal shall also be filed by the appellant with the court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed *within fifteen days after the mailing of the notice of the agency's order* as provided in this section. For purposes of this paragraph, an order includes a determination appealed pursuant to division (C) of section 119.092 of the Revised Code.

(Emphasis added.)

{¶ 3} The court found appellant did not comply with R.C. 119.12(D) in two ways: first, appellant did not comply with the 15-day time requirement; second, appellant did not include with his appeal a copy of the order appealed from.

## II. Assignment of Error

{¶ 4} Appellant appealed the common pleas court dismissal and asserts the following assignment of error:

> The Common Pleas Court errored by interpreting R.C. 119.12(D) as requiring Appellant to physically attach the Agency's Order as Appellant's exclusive means of triggering jurisdiction.

## III. Analysis

{¶ 5} Appellant filed his appeal on March 15, 2021. In his appeal, appellant noted that he was appealing the "Department of Agriculture's Order (Order No. 2021-043)." Appellant did not attach a copy of the order to his appeal.

{¶ 6} Appellant argues he timely filed his appeal and that pursuant to *Johnson v. Ferguson-Ramos*, 10th Dist. No. 05AP-511, ¶ 10 (Dec. 6, 2005) (memorandum decision), he complied with the requirements of R.C. 119.12(D) because he sufficiently described the order appealed from in his appeal.

{¶ 7} In *Johnson* we stated:

> Regarding appellant's failure to attach a copy of the order, one commentator has observed that, in an appeal under R.C. 119.12, while "[t]he notice must state the order appealed from and the grounds for appeal * * * it is not necessary to attach a true copy of the agency's order if the notice sufficiently describes the charges made, the agency's findings, and the errors assigned." Whiteside, Ohio Appellate Practice (2001 Ed.) 169, Section 9.25, citing *Detelich v. Dept. of Liquor Control* (1950), 62 Ohio Law Abs. 195. Thus, the requirement that an appellant's notice set for the order appealed from does not mandate a copy of the agency's order.

*Id.* at ¶ 10.

{¶ 8} On March 1, 2022, appellee filed in this court a notice of conceded error and acknowledges that sua sponte dismissal of the underlying action for lack of subject-matter jurisdiction was in error. Appellee indicates it concurs with appellant that he complied with the jurisdictional requirements of R.C. 119.12(D) by sufficiently describing the administrative order appealed from and that appellant was not required to attach a copy of the director's order to perfect his appeal according to *Johnson*. Appellee does not dispute the appeal was timely. Appellee "respectfully requests that this case be remanded to the trial court to address the merits of this action as previously and fully briefed by the parties." (Notice of Conceded Error at 3.)

## IV. Conclusion

{¶ 9} Accordingly, we sustain appellant's single assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas dismissing appellant's appeal for lack of subject-matter jurisdiction. We remand this case to that court to proceed with consideration of the merits of appellant's appeal.

*Judgment reversed; cause remanded.*

KLATT and McGRATH, JJ., concur.

_____