VEST, APPELLEE, *v.* BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION ET AL., APPELLANTS.

(No. 2195—Decided November 20, 1952.)

Mr. *Robert C. Knee* and Mr. *Ray E. Schmidt,* for appellee.

Mr. *C. William O'Neill,* attorney general, Mr. *John W. Hardwick* and Mr. *William M. Gemmill,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County, which reversed the decision of the Board of Review, Bureau of Unemployment Compensation of Ohio.

The claim of Harold Vest, appellee herein, was allowed by the administrator. Upon hearing before the referee the decision of the administrator was reversed and the claim disallowed. Upon appeal, the decision of the referee was affirmed by the board of review. Thereupon, claimant appealed to the Common Pleas Court, which reversed the decision of the board of review. The Common Pleas Court based its judgment of reversal on its finding that the decision of the board of review was incorrect. The pertinent part of the finding, as contained in the judgment entry, is as follows:

"The court being fully advised in the premises finds that the decision of the board of review in upholding the referee in said referee's reversal of the determination of the administrator is incorrect."

From this order an appeal was taken by the board of review to this court.

Appellant assigns as error that the Common Pleas Court erred in finding that the decision of the board

of review in sustaining the referee is incorrect, and that the judgment of the Common Pleas Court is contrary to law.

The power of the Common Pleas Court in such matters is found in the last paragraph of Section 1346-4, General Code, which, in part, provides:

"If the Common Pleas Court shall find that the decision was unlawful, unreasonable, or against the manifest weight of the evidence it shall reverse and vacate the same or it may modify the same and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

Under this provision of the Code, before the Common Pleas Court has the power to reverse the decision of the board of review, it must find that such decision was "unlawful, unreasonable, or against the manifest weight of the evidence." The judgment of the Common Pleas Court contained no such finding. The finding was that the decision of the board of review was *incorrect*. This finding does not meet the mandatory requirements of the statute. Thus, the finding and judgment of the Common Pleas Court does not form a proper predicate for review by this court. For this reason, we do not reach and do not pass upon the third assignment of error.

The judgment is reversed and the cause remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and MILLER, J., concur.