LEACH, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, ET AL., APPELLEES, v. BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE; THE TIMKIN ROLLER BEARING CO., APPELLANT.

[Cite as Leach, Admr., v. Board of Review, 3 Ohio App. 2d 314.]

(No. 7375—Decided December 3, 1963.)

*Mr. William B. Saxbe,* attorney general, *Mr. Bernard L. Heffernan* and *Mr. Harold Talbott,* for appellees Donald B. Leach, Administrator of the Bureau of Unemployment Compen-

sation, and Board of Review, Bureau of Unemployment Compensation.

Messrs. *Clayman & Sigall,* for appellee John A. Parker.

Messrs. *Day, Cope, Ketterer, Raley & Wright* and Mr. *John F. Buchman, III,* for appellant.

TROOP, J. The basic operative facts important to this review are relatively simple. Claimant for unemployment compensation benefits, John A. Parker, appellee herein along with the Administrator of the Bureau of Unemployment Compensation, was employed by The Timken Roller Bearing Company, appellant, on December 16, 1959, and at the time he was laid off was a pipe fitter, Class A. Parker was separated on October 6, 1961. Before separation he earned $3.18 per hour as a pipe fitter, Class A. Before his separation, specifically on October 5, 1961, Timken offered Parker a job as "pick-up man trainee" in the metallurgical department at the rate of $2.41 per hour which he refused.

Procedural steps leading to this appeal may be summarized, as follows:

1. October 27, 1961. The administrator granted Parker, as claimant, unemployment compensation benefits.

2. November 13, 1961. After requested reconsideration the administrator affirmed his allowance of the claim.

3. December 8, 1961. A referee, representing the Board of Review, reversed the order of the administrator and disallowed Parker's claim because he had refused an offer of suitable work.

4. May 10, 1962. The Board of Review disallowed the claimant's request for a further appeal thereby effectually ratifying the findings and decision of the referee.

5. June 8, 1962. Claimant, Parker, and the administrator appealed the decision of the Board of Review to the Court of Common Pleas of Franklin County.

6. April 24, 1963. Court of Common Pleas found the decision of the referee and Board of Review "unlawful" and reversed it, at the same time affirming the decision of the administrator finding the claimant, Parker, eligible to receive benefits under the Unemployment Compensation Law of Ohio.

It is from the judgment and final order of the Common Pleas Court, entered April 24, 1963, that this appeal is taken

by The Timken Roller Bearing Company and the Board of Review, Bureau of Unemployment Compensation. The sequence of events and decisions outlined above accounts for the strange bedfellows appearing upon the opposite sides of this appeal.

Appellant relies upon two assignments of error, the first of which is essentially an objection to language contained in the written opinion of the Common Pleas Court. Beginning at page 11 of their brief, counsel for the appellant present the background for their first assignment of error. While no direct quotation from the written decision of the court appears in the brief, we are led to conclude, as the presentation develops, that objection is raised to the statements of the court, found upon pages 6 and 7 of its decision, as follows:

"We hold that the statute placed the burden on the administrator to make the finding as to whether Parker refused to accept an offer of suitable work without good cause. With this burden went the responsibilty and privilege to make this decision after taking into consideration the various factors set forth in Section 4141.29 (F) R. C.

"The referee did not have the right after conducting a short hearing, referred to above, to substitute his opinion on this subject of the findings mentioned in the law for those of the Administrator. * * *"

However strongly the court felt as to this point, as appears from its decision, no mention of it is made in the journal entry through which the court speaks. Specifically, the entry recites that the court finds "that the decision of the referee and Board of Review is unlawful and should be, and is hereby, reversed, and that the decision of the Administrator on reconsideration should be, and is hereby, affirmed."

In conclusion the entry recites that it is "ordered, adjudged and decreed that the claimant-appellant, John A. Parker, has met the requirements of Section 4141.29 of the Revised Code of Ohio and is eligible to receive benefits under the Unemployment Compensation Law of Ohio, as found by the administrator."

Section 4141.28 (J), Revised Code, provides that "the board or a referee shall," after affording a reasonable opportunity for a fair hearing, "affirm, modify, or reverse the findings of

fact and the decision of the administrator * * *'' as may seem just and proper. This language seems to clearly establish the authority of the board, or its referee, in cases such as the one before us, but the feeling of the Court of Common Pleas, set out in its decision, that the referee was in error, is not incorporated in the formal entry as filed, either directly or by reference to the decision, and, therefore, cannot be said to be a basis for the judgment as finally entered. Appellant's first assignment of error is, therefore, not well taken and further consideration is unnecessary.

The remaining assignment of error urges that the Common Pleas Court was wrong in overruling the decision of the referee finding that the claimant was not entitled to unemployment benefits because he had refused an offer of suitable work. Previous to the decision of the referee, the administrator had awarded benefits to the claimant and held that his refusal was with good cause. Let it be emphasized that the work offered, which the referee held was refused without good cause, was the job of "pick-up man trainee" offered to him by Timken on October 5, 1961, the day before his separation.

Considerable discussion and argument appear in the briefs of counsel addressed to the definition of the term "suitable employment." We prefer to consider, however, the really poignant issue in the case and minimize the attention given the definition of the term. The genuine issue arises from the fact of the offer of other work by the employer to an employee not then unemployed. No decision in Ohio, or elsewhere, squarely in point on this issue has come to the attention of the court, to assist in determining the effect of such a job offer.

Ohio has an "Unemployment Compensation" Act. The structure of the administration, the assistance offered by way of benefits and job referral, as well as requirements for eligibility all relate to "unemployed" persons. Careful scrutiny of the language employed indicates that the various provisions deal only with an individual who is "unemployed." It is reasonable and proper to say that no phase of the Act has any applicability to those still employed.

Section 4141.01 (M), Revised Code, unmistakably identifies the unemployed, as follows:

"An individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him."

That definition leaves no doubt that the claimant, Parker, was not unemployed as of October 5, 1961.

The language found in those parts of the statute dealing with "suitable work" leaves no doubt as to applicability only to those "unemployed." Observe the language in Section 4141.29 (C) (3), Revised Code, as follows:

"Has refused without good cause to accept an offer of suitable work, or has refused to accept a referral to suitable work when directed to do so by a local employment office of this state or another state."

It is obvious that only an unemployed person could refuse a "referral" by an employment office, since registration at the agency follows separation and such registration is a condition precedent to eligibility for benefits.

Subsection (E) of Section 4141.29, Revised Code, establishes a guide for the administrator in determining whether any work is suitable for a given claimant and directs that he take into account "the length of his unemployment." How, by any stretch of imagination, or legal logic, could an administrator regard the length of a claimant's unemployment if he was not unemployed at the time of the offer?

Subsection (A) (4) of the same section points out that no individual is eligible for benefits unless he "is able to work and available for suitable work and is actively seeking such work." Being "able," "available" and "actively seeking" work are not *or* requirements, they are *and* requirements, all three being necessary to eligibility. Again, how could any person be "actively seeking" if he already has employment? Only separation from work makes such a requirement physically possible.

The findings of the referee need some scrutiny in the light of the statutory provisions. They are conclusions reached after the claimant had been unemployed two months. On page 2 of the referee's decision he observes, as follows:

"* * * His failure to find a job as a pipe fitter or other work which paid near what he had been earning affirmed what he had learned in the week before he was laid off.* * *"

This conclusion is supported by other propositions appear-

ing in the record of the referee. Briefly they are, that claimant was told a week prior to October 6, 1961, that he would be laid off, that he used the week to canvass the labor market in the Columbus area for work of his usual kind, and that he found little job possibility in the Columbus area.

To arrive at the conclusion that the claimant should have taken the "pick-up man trainee" job at a time eight or nine weeks after the offer was made, and the man had been unable to locate a job in that interval of time, affords a choice example of "hindsight" judgment by an officer as expressed in a quasi-judicial decision. And still further, it overlooks the provision of the statute that requires not only that he actively seek work where "he has earned wages," but also "at a locality where such work is normally performed." (Section 4141.29 (A) (4), Revised Code.) The decision ignores the practical fact that claimant worked full regular hours during the week prior to his separation on October 6, 1961, which would limit his inquiry concerning job possibilities to evening hours and undoubtedly preclude a check of opportunities in any distant community.

Basically, every workman is entitled to an opportunity to maintain his prevailing standard of life by relocating himself in a job providing pay equal to the one from which he has been separated. He is provided an opportunity to seek that job for a reasonable length of time before he must adjust to a lower living standard or suffer a penalty. The "Unemployment Compensation" Law of Ohio clearly provides that opportunity. In the instant case the claimant had the option of taking the lower paying job offered by his present employer or becoming unemployed so as to actively seek a similar job, and while he took the time to seek, if he met all the other requirments, he was entitled to benefits as found by the administrator.

To hold otherwise would be against the public interest. To permit employers to apply the threat of dismissal without opportunity for unemployment benefits, by using the device of an offer of another "suitable" job before separation, would be to encourage unconscionable maneuvering and chicanery. Clever, scheming employers could downgrade and downscale a work force with complete immunity. Unemployment Compensation Acts are designed to protect those who become unemployed as a result of economic change, by providing help during the

period of adjustment, and in no sense can the statutes be used as a shield to employer manipulation.

Appellant further questions the propriety of the judgment of the Court of Common Pleas holding the decision of the referee and the Board of Review as "unlawful." Appellant relies on *Vest* v. *Board of Review, Bureau of Unemployment Compensation* (1952), 93 Ohio App. 504, in which the court held that a Common Pleas Court decision using the words "is incorrect," referring to a referee's reversal of an administrator's determination, was not in conformity to the requirements of Section 1346-4, General Code.

The present applicable statute is Section 4141.28, Revised Code, and prescribes that the court may reverse or vacate a board decision if it finds the decision to be "unlawful, unreasonable, or against the manifest weight of the evidence." The sense of the clause is clear if it is written "unlawful or unreasonable or etc." Any one of three bases is available, and if the Common Pleas Court predicates its decision on only one of the three, it is sufficient. It would be inaccurate to hold that the *Vest case, supra,* holds otherwise. If the statute had used "and" instead of "or," the court would be obliged to find all three bases to justify reversal. The meaning then would be as if the language was "unlawful, and unreasonable, and etc."

In limiting its holding to a finding of "unlawful," the Common Pleas Court met the requirements of the statute. The decision of the referee was not in accord with the clear provisions of the statute, and in opposition to the fundamental spirit of it as well, and therefore, unlawful.

Appellant's assignments of error are not well taken and the judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and BRYANT, J., concur.