3910 WARRENSVILLE CENTER, INC., APPELLEE, *v.* CITY OF WARRENSVILLE HEIGHTS ET AL., APPELLANTS.

(Nos. 47950 and 48349—Decided
October 29, 1984.)

*Michael H. Peterson,* for appellee.
*Nick A. Mandanici,* for appellants.

ANN MCMANAMON, J. The city of
Warrensville Heights ("the city") ap-
peals a reversal by the common pleas
court of a zoning decision of the War-
rensville Heights City Council. Appellee
is a corporation known as 3910 War-
rensville Center, Inc. ("Center") which
owns a building at that address.

Appellee sought a certificate of
business occupancy from the city
building commissioner in order to
resume operation of a tavern business
on the premises which had been discon-
tinued in 1981.

The Center's application was denied

and a timely appeal was taken to city
council, which affirmed the commis-
sioner's decision after a hearing.[1]

Appellee perfected its appeal pur-
suant to R.C. Chapters 2505 and 2506 to
the court of common pleas. On Novem-
ber 28, 1983, the court journalized the
following entry:

"The decision of the Warrensville
Heights City Council is hereby
reversed."

On December 12, 1983, the city
filed a motion for findings of fact and
conclusions of law pursuant to Civ. R. 52
which the court overruled by reason of
its untimeliness.

From the trial court's judgment the
city has filed two separate appeals, con-
solidated for our review, which raise the
sole issue of whether the common pleas
court is required to issue findings in sup-
port of its decision.[2]

The appellant contends that since
the trial court has not complied with a
claimed statutory duty to make factual
findings, it has effectively foreclosed
any further review of the merits of this
case.

The record reflects that upon appeal
by Center to the common pleas court,
the City filed the transcript of the coun-
cil hearing and appellee filed a "motion
requesting consideration of other
evidence pursuant to R.C. 2506.03(E)."[3]

---

[1] The council did not issue any findings of
fact.

[2] In the first appeal the city assigns as er-
ror:

"The trial court erred in reversing the ac-
tion of the Warrensville Heights City Council
under Ohio Revised Code Section 2506.04
without issuing any findings in support of its
reversal."

Although App. R. 3 permits a party to file
a single appeal, the city has filed a second ap-
peal assigning the following as error:

"The trial court erred in granting ap-
pellee's motion to strike request for findings

of fact and conclusions of law on the stated
basis that said request was untimely."

[3] R.C. 2506.03 provides in part:
"The hearing of such appeal shall pro-
ceed as in the trial of a civil action but the
court shall be confined to the transcript as
filed pursuant to section 2506.02 of the
Revised Code unless it appears on the face of
said transcript or by affidavit filed by the ap-
pellant that:
"* * *
"(E) The officer or body failed to file
with the transcript, conclusions of fact
supporting the order, adjudication or decision
appealed from; in which case, the court shall

Attached to the motion as an item of evidence was a certified copy of the Cuyahoga County Auditor's record of the Center's property which demonstrates that the building was erected in 1926 for use as a restaurant and store. Appellant raised no objection to the item of evidence thus submitted.[4]

R.C. 2506.04 provides the proper scope of review by the common pleas court in a procedure upon appeal from agencies of political subdivisions:

"The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to sections 2505.01 to 2505.45, inclusive, of the Revised Code."

We find no support in the statute for appellant's proposition that the common pleas court is required to issue written factual findings in such appeals.

In *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202 [12 O.O.3d 198], the Supreme Court at 207 outlined the standard of review required by this statute:

"Thus, it is quite evident that the Court of Common Pleas must weigh the evidence in the record, and whatever additional evidence may be admitted pursuant to R.C. 2506.03, to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. We caution, however, to add that this does not mean that the court may blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise. The key term is 'preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand."

We find that the trial court's failure to specify the basis of its reversal does not constitute non-compliance with the statute.

Further, we find that the final judgment is not rendered defective because the court entered no ruling on appellee's motion for additional evidence. Ordinarily, an appellate court must presume the regularity of the proceedings below. *Beach* v. *Sweeney* (1958), 167 Ohio St. 477 [5 O.O.2d 157].

We also reject appellant's argument that the court was required to make findings of fact and conclusions of law pursuant to Civ. R. 52. In *12701 Shaker Co.* v. *Cleveland* (1972), 31 Ohio App. 2d 199 [60 O.O.2d 324], this court held at 212:

* * * [T]he review of the action by the Board of Zoning Appeals is not a *trial de novo, Williams* v. *Township Trustees* (1969), 18 Ohio App. 2d 188, 189 [47 O.O.2d 303], 247 N.E. 2d 789, 790, but the hearing of an 'appeal' and, therefore, not governed by R.C. 2315.22. [Superseded by Civ. R. 52.] That section is a trial section, applicable

---

hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call as if on cross-examination, any witness who previously gave testimony in opposition to such party."

[4] We note that appellant parenthetically addressed the consideration of the auditor's report in its appellate answer brief in the common pleas court.

when 'questions of fact' are tried by the Court."

In *Kennedy* v. *Cleveland Civil Service Comm.* (May 3, 1979), Cuyahoga App. No. 38759, unreported, we held that the common pleas court has a duty to issue such findings upon the filing of a timely request. That decision, however, is clearly based upon the function of the court as a fact-finder in those administrative appeals in which the parties are entitled to a trial *de novo*.

In the instant case the trial court did not function as a fact-finder in a trial *de novo*. Therefore, even if appellant had filed a timely request for findings, the trial court was not mandated to issue them.

Appellant's assignment of error is not well-taken.

We do note, however, that the trial court's order failed to remand the case to the building commissioner for issuance of the occupancy permit. Consequently, judgment of the trial court is modified to include a remand to the Building Commissioner of Warrensville Heights for this purpose, and, as modified, the judgment is affirmed.

*Judgment affirmed*
*as modified.*

MARKUS, P.J., and RUSSO, J., concur.

MARKUS, P.J., concurring. I agree with the majority's decision but add a second reason for the result reached by the majority.

The trial court's duty to provide factual findings arises only when a party makes a timely request for such findings. The request is timely before the disputed order is filed for journalization or within seven days after "notice of the court's announcement of its decision." Civ. R. 52. The court may announce its decision before it journalizes the resulting order or judgment. Civ. R. 58;

*Jackson* v. *Columbus* (1974), 41 Ohio App. 2d 90, at 92-93 [70 O.O.2d 92]. If it does not announce its decision before it journalizes that order or judgment, the journalized order or judgment constitutes the "announcement." For the purpose of Civ. R. 52, the time to request separate findings expires no later than seven days after the disputed order is journalized. See *L.T.M. Builders Co.* v. *Jefferson* (1980), 61 Ohio St. 2d 91, at 95 [15 O.O.3d 127]; *Professional Business Systems, Inc.* v. *Koba* (May 5, 1983), Cuyahoga App. No. 45406, unreported, at 7. Journalization constitutes notice to the parties, regardless of any supplementary procedure which the court may provide to advise them.

In this case, no party requested separate findings within seven days after the court journalized the challenged judgment. Hence, the court had no duty to provide such findings even if they were appropriate for this type of proceeding.