BERLIN, APPELLEE, *v.*
ADMINISTRATOR, OHIO BUREAU OF
EMPLOYMENT SERVICES, APPELLANT.

(No. 48963 — Decided May 20, 1985.)

*Scott Levey,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Fred J. Pompeani,* for appellant.

BROWN, J. Upon separation from his employment with the King Nut Company, appellee, Edward A. Berlin, filed an application for unemployment compensation benefits. When he was denied benefits, Berlin sought reconsideration from the appellant, Adminis-

trator of the Ohio Bureau of Unemployment Services. The administrator's adverse decision was mailed to Berlin on March 21, 1983.

Berlin appealed the adverse decision to the Unemployment Compensation Board of Review (hereafter "board"), mailing the appeal in an envelope which bore a postage meter mark dated March 30, 1983. The board received Berlin's appeal at 8:19 a.m. on April 5, 1983 and dismissed it as untimely filed.

The dismissal was appealed to the common pleas court by Berlin. The court reversed and remanded the case to the board of review for further proceedings.

The administrator's appeal of the judgment of the common pleas court is now before us.

Assignment of Error No. I

"Claimant's appeal to the board from the administrator's reconsideration decision was untimely filed under Ohio law because the board received it after the expiration of the time limit for appeal and no postmark appeared on the enclosing envelope."

The administrator's argument that Berlin's appeal was untimely filed is not novel. This court only recently decided the identical issue in *Holiday Inn* v. *Administrator* (Mar. 21, 1985), Cuyahoga App. No. 48603, unreported; accord *Micro Lapping & Grinding Co.* v. *Unemployment Comp. Bd. of Review* (1984), 20 Ohio App. 3d 356. In both *Holiday Inn* and *Micro Lapping,* we held that a mailed notice of appeal must be postmarked, *not* postage meter marked, prior to the date on which the appeal time runs. Accord *Joreski* v. *Unemployment Comp. [Bd. of Review]* (Dec. 1, 1982), Medina App. No. 1174, unreported; *Hannah* v. *Ohio Bur. of Emp. Services* (Mar. 2, 1983), Summit App. No. 10914, unreported. Those cases are dispositive here.

R.C. 4141.28(H)[1] requires that an appeal from a reconsideration decision must be filed within fourteen calendar days after the decision was mailed. More specifically, Ohio Adm. Code 4146-13-01 provides in pertinent part:

"* * * Notice of appeal may be either mailed or delivered. If notice of appeal is mailed, it must be *postmarked* before midnight of the last day of the appeal period; if delivered, it must be received at one of the offices named in 4146-5-01 before the closing time of the office on the last day of the appeal period.

"* * * Filing shall be deemed to be completed on the *postmarked* date appearing on the enclosing envelope where filing is by mail." (Emphasis added.)

Here, Berlin's appeal was received by the board on April 5, one day late. He argues that the postage meter mark dated March 30, 1983 should be recognized as a "postmark" and that the fact that the appeal was received the day after it was due supports the logical inference that the appeal was timely filed.

However, in both *Holiday Inn, supra,* and *Micro Lapping, supra,* the appeals also had been received one day after the statutory deadline. In both decisions, we noted that "[t]he plain language of Ohio Adm. Code 4146-13-01 provides that a postmark is required, not a private postal meter mark. Furthermore, there is good reason why the drafters limited it to a post office postmark. A postal meter mark can be set to read any desired date of mailing, while a post office postmark cannot be so manipulated." *Micro Lapping,* at 358.

Because the fourteen-day appeal time is mandatory and jurisdictional (*McCruter* v. *Bd. of Review* [1980], 64 Ohio St. 2d 277 [18 O.O.3d 463]), we hold that the board properly dismissed Berlin's appeal since it lacked jurisdiction to hear it. The first assignment of error has merit.

Assignment of Error No. II

"The court below erred in reversing the board's decision without making any finding that the decision was either unlawful, unreasonable, or against the manifest weight of the evidence."

Before addressing the second assignment of error, we take note of the legislature's determination that the unemployment compensation statute "shall be liberally construed." R.C. 4141.46.

The administrator argues that it was error for the trial court to reverse the board's decision without a finding that it was "unlawful, unreasonable, or against the manifest weight of the evidence." He cites *Hall* v. *American Brake Shoe Co.* (1968), 13 Ohio St. 2d 11 [42 O.O.2d 6], and *Vest* v. *Bd. of Review* (1952), 93 Ohio App. 504 [51 O.O. 217], as authority for his contention.

However, *Hall* holds merely that a bill of exceptions is not required in an unemployment compensation appeal. In *Vest,* the court of appeals required a determination that the board of review's decision was unlawful, unreasonable or against the manifest weight of the evidence where the common pleas court had held the board's decision to be "incorrect." That is not the case here.

We held in *3910 Warrensville Center, Inc.* v. *Warrensville Hts.* (1984), 20 Ohio App. 3d 220, that the common pleas court's failure to specify the basis

---

[1] R.C. 4141.28(H) provides:

"Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after such decision was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith."

of its reversal does not constitute noncompliance with the statute. We were dealing there, as we are here, with an administrative appeal under a statute which specified that the court could find an order "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." R.C. 2506.04.

That standard is akin to that of the unemployment compensation statute which permits reversal when the court finds the board's decision to be "unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.28(O).

Thus, we conclude the court did not exceed its jurisdiction by a judgment which stated the decisions of the board and administrator "are hereby reversed."

The second assignment of error is overruled.

The judgment of the trial court is reversed.

*Judgment reversed.*

ANN MCMANAMON, P.J., concurs.

KRUPANSKY, J., dissents.

WILLIAM B. BROWN, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

KRUPANSKY, J., dissenting. I respectfully dissent from the majority opinion regarding the appellant's second assignment of error.

The majority's reliance on *3910 Warrensville Center, Inc.* v. *Warrensville Hts.* (1984), 20 Ohio App. 3d 220, is clearly misplaced. The statute which this court interpreted in *Warrensville Hts., supra,* is distinguishable from the statute before the court in the

case *sub judice.* The statute in *Warrensville Hts., supra,* dealt with an appeal of a zoning decision made by the Warrensville Heights City Council. The statute in the case *sub judice* deals with an appeal of the board of review's unemployment compensation decision.

Furthermore, the statute in *Warrensville Hts., supra,* R.C. 2506.04, uses permissive language; it reads in pertinent part:

"The court *may* find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court *may* affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court." (Emphasis added.)

R.C. 4141.28(O) which is at issue here uses mandatory language; it reads in pertinent part:

"If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it *shall* reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court *shall* affirm such decision." (Emphasis added.)

I find *Vest* v. *Bd. of Review* (1952), 93 Ohio App. 504 [51 O.O. 217] controlling on the issue presently before this court. In *Vest* the predecessor statute to R. C. 4141.28(O), G.C. 1346-4, was before the Court of Appeals for Montgomery County. In *Vest* the court found the trial court's judgment, which reversed the board of review's decision because its decision was "incorrect," did not meet the mandatory requirements of the statute. The *Vest* court stated at 506:

"Under this provision of the Code, *before the Common Pleas Court has the power to reverse the decision of the board of review, it must find that such decision was 'unlawful, unreasonable, or against the manifest weight of the evidence.'* [Emphasis added.] The judgment of the Common Pleas Court contained no such finding. The finding was that the decision of the board of review was *incorrect.* [Emphasis in original.] This finding does not meet the mandatory requirements of the statute. Thus, the finding and judgment of the Common Pleas Court does not form a proper predicate for review by this court."

Similarly, in the case *sub judice,* the trial court failed to cite the mandatory standard of review, viz., the board's decision was "unlawful, unreasonable, or against the manifest weight of the evidence," in its journal entry. When the trial court failed to specify its reasons for reversing the board's decision the trial court erred by not complying with the mandate of R.C. 4141.28(O). Consequently, I would reverse and remand this case for the trial court to apply the correct, mandatory standard of review as set forth in R.C. 4141.28(O).