[Cite as *McMillan v. Lakewood*, 2018-Ohio-94.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105463**

---

## JOHN MCMILLAN, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CITY OF LAKEWOOD, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-830974

**BEFORE:** S. Gallagher, J., E.A. Gallagher, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**ATTORNEYS FOR APPELLANTS**

Stephen M. Nowak
Steve Nowak Law, L.L.C.
30628 Detroit Road, #251
Westlake, Ohio   44145

Solvita McMillan
17904 Lake Road
Lakewood, Ohio   44107


**ATTORNEYS FOR APPELLEES**

**For City of Lakewood and City of Lakewood Board of Zoning Appeals**

Kevin M. Butler
Law Director

Jennifer L. Swallow
Chief Assistant Law Director

City of Lakewood
12650 Detroit Avenue
Lakewood, Ohio   44107

**Also listed:**

Daniel Oldfield, pro se
17906 Lake Road
Lakewood, Ohio   44107

SEAN C. GALLAGHER, J.:

{¶1} Plaintiffs-appellants, John McMillan and Solvita McMillan, appeal the decision of the trial court that found appellants' administrative appeal moot and, alternatively, affirmed the decision of the Lakewood Board of Zoning Appeals ("Lakewood BZA") that granted a variance to an adjoining property owner. Upon review, we affirm.

{¶2} The McMillans own a home in Lakewood, Ohio. In June 2014, their next-door neighbor, Daniel Oldfield, applied for a three-foot variance to a required ten-foot side-yard setback requirement in order to install an air conditioner condenser unit ("A/C unit") on the side yard of his property. On his application, Mr. Oldfield described his request as follows: "planning on a patio addition behind the 3 season porch, to maximize enjoyment of the river." In his letter to the Lakewood BZA requesting the area variance, Mr. Oldfield elaborated on his request, stating:

> We are in the process of adding AC to our home and would like to place the condensing unit on the North side of our home & our neighbor's driveway. We are planning on adding a patio to the rear of our home in the next few years so that we can enjoy our backyard & also the view of the Rocky River.

{¶3} At the June 19, 2014 public hearing of the Lakewood BZA, Mr. Oldfield's application was considered. Mr. Oldfield indicated that he was trying to locate the A/C unit in the most efficient location. He indicated that the requested placement for the A/C unit was the shortest distance to the basement furnace, and that in order to meet the

ten-foot side-yard setback requirement, the lines would have to be run approximately 20 additional feet to the end of a screened-in porch on the back of the home.

{¶4} Comments from Lakewood's city architect, Mike Molinski, were read into the record at the hearing. Mr. Molinski opposed the application and expressed that "there does not seem to be a reasonable hardship in this case. The applicant has plans to install a rear patio in the future, but there is ample rear yard to accommodate a patio and A/C unit." Mr. Molinski was not present at the hearing.

{¶5} The McMillans also opposed the variance request. They expressed concerns with the close proximity of the proposed site of the A/C unit, which was opposite from their family room and the french doors that they keep open for ventilation during the warmer months for air circulation. At the hearing, Mrs. McMillan stated that the A/C unit would be too close to and visible from their family room. Although appellants previously had been granted a four-foot variance in order to install their own air conditioner unit, that request was supported by the McMillans' other neighbor, whose property was adjacent to the unit.

{¶6} Mr. Oldfield countered that the condenser would be screened with perennial plantings. He also indicated that the proximity between the proposed location of the A/C unit and the McMillans' family room was 35 feet.

{¶7} The Lakewood BZA granted the variance request with the following stipulations: "[1.] That the noise limit levels are met, [2.] That servicing of the unit can be done without going onto the neighbor's property, and [3.] [That] the unit was screened

aesthetically." The variance application contained the notation "sound level 71." The BZA chairperson stated he authorized installation of the A/C unit that emitted a decibel "sound level of 71." Mr. Oldfield proceeded to install the A/C unit the day after obtaining the variance.

{¶8} The McMillans filed a complaint against the city of Lakewood and the City of Lakewood Board of Zoning Appeals (collectively "the City") challenging the decision of the Lakewood BZA. The City filed a motion for hearing to present additional evidence pursuant to R.C. 2506.03(A)(1). The McMillans opposed the motion and argued that the court had "all of the relevant evidence" necessary to make a determination on review. The trial court denied the City's motion.

{¶9} While the case was pending in the court of common pleas, Lakewood amended Section 1121.07 of the Codified Ordinances of the City of Lakewood ("L.C.O.") to reduce the minimum side-yard setback requirement for an A/C unit from ten feet to two feet. Following briefing in the matter, the trial court issued its ruling. The trial court found "appellants['] appeal is moot[,]" and "alternatively, the decision of the zoning board is affirmed because appellants have not shown that the zoning board's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence."

{¶10} The McMillans timely filed this appeal. The sole assignment of error challenges the trial court's decision to affirm the Lakewood BZA's decision to grant the variance.

{¶11} First, we address the trial court's determination that this matter is moot. The City argues that the trial court's determination should be upheld because the McMillans did not obtain an order staying Mr. Oldfield's installation of the A/C unit and did not intervene when Mr. Oldfield built a fence to address the noise and aesthetic concerns raised at the zoning hearing. However, we agree with the McMillans that the construction case cited by the City is distinguishable from this matter and, therefore, does not support the claim that this matter is moot.[1]

{¶12} Nonetheless, the City also argues that the trial court's determination should be upheld because the placement of the A/C unit is in conformance with Lakewood's amended ordinance, which imposes a minimum side-yard setback requirement for an A/C unit of two feet. As amended, L.C.O. Section 1121.07 provides in relevant part:

> An air conditioning unit with an ANSI/AHRI sound rating of less than 70 db shall be excluded from the side yard setback, provided that the unit is placed not closer than 24 inches from the property line, the unit is entirely serviceable without needing to enter onto the adjoining property, and screening of the unit is maintained.

{¶13} The McMillans claim the City failed to provide adequate notice of the zoning amendment. Because the McMillans failed to raise the notice argument in the trial court, we will not address the argument on review.[2]

---

[1] See Adire v. Westlake City Council, 8th Dist. Cuyahoga No. 99347, 2013-Ohio-3533.

[2] The references by the McMillans to the record do not show that any specific objection was

{¶14} Insofar as the McMillans contend that the amended ordinance conflicts with the City's criminal noise ordinance, this argument fails because any such conflict would result in a preference afforded to the later enactment pursuant to L.C.O. Section 101.06(c). Nevertheless, we recognize that as amended, L.C.O. Section 1121.07 allows for "[a]n air conditioning unit with an ANSI/AHRI sound rating of less than 70 db" to be excluded from the side yard setback requirement. The McMillans argue that because the lowest sound rating for Mr. Oldfield's A/C unit is 71 db, the amended ordinance does not apply. Arguably, this might raise a question of substantial compliance that is not before us on review.

{¶15} Even assuming the matter is not moot, the trial court reached an alternative determination that appellants failed to show that the zoning board's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. We shall review the trial court's alternative determination.

{¶16} Under R.C. 2506.04, the common pleas courts and the courts of appeals apply different standards of review for administrative appeals. When a party appeals an administrative agency's decision to the common pleas court, the court "considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable,

raised as to "notice."

and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.

{¶17} In contrast, the standard of review to be applied by an appellate court reviewing a judgment of a common pleas court in an R.C. 2506.04 appeal is narrower, more limited in scope, and more deferential to the lower court's decision. *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 25. A review by the court of appeals is limited to questions of law and does not include the same power to weigh the evidence. *Id*. "The standard of review for the court of appeals in an administrative appeal is designed to strongly favor affirmance. It permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Id*. at ¶ 30.

{¶18} The standard for granting an area variance is that the property owner is required to show "practical difficulty," which requires a showing that the application of an area zoning requirement to the property is inequitable. *Duncan v. Middlefield*, 23 Ohio St.3d 83, 85-86, 491 N.E.2d 692 (1986). This is a lesser standard than that for a use variance, and does not require a showing of unnecessary hardship. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 35, 465 N.E.2d 848 (1984). "The key to the [practical difficulties] standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable." *Duncan* at 86. Further, "no single factor controls in a determination of practical difficulties." *Id*.

**{¶19}** In *Duncan*, the Supreme Court of Ohio set forth the following factors "to be considered and weighed" in determining if a property owner has encountered practical difficulties in the use of his property, including but not limited to

(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.

*Id*. at 86.

**{¶20}** L.C.O. Section 1173.04 includes the *Duncan* factors in its list of factors to be considered and weighed by the board in determining whether an applicant for a minor area variance will experience practical difficulty, with the addition of the following two factors:

(1) Whether there exist site conditions, such as narrowness, shallowness, or topography, unique to the property in question that are not applicable generally to other lands or structures in the same zoning district;

(2) Whether the property in question is located near a non-conforming or non-harmonious use, structure, or site conditions, or whether the property in question abuts a less restrictive zoning district[.]

L.C.O. Section 1173.04(c).

{¶21} We recognize that the trial court in deciding the administrative appeal was not required to issue any findings of fact and conclusions of law. *3910 Warrensville Ctr., Inc. v. Warrensville Hts.*, 20 Ohio App.3d 220, 222, 485 N.E.2d 824 (8th Dist.1984). Further, we can adequately review this matter given the record before us.

{¶22} The record establishes that Mr. Oldfield had requested a three-foot variance because he was planning a patio addition behind his home, he wanted to maximize enjoyment of his backyard and the view of the Rocky River, and in order for the A/C unit to be placed in the most efficient location. There was evidence that the McMillans had been granted a variance for their own A/C unit a year prior. The Lakewood BZA was not required to follow the opinion of the city architect, who found a lack of "reasonable hardship" and was not present at the hearing. Upon this and other evidence that was presented, the board could adequately consider and weigh the factors for determining practical difficulty and find in favor of granting the variance.

{¶23} The trial court affirmed the decision of the Lakewood BZA upon concluding that appellants had not shown that the zoning board's decision was unconstitutional,

illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of the evidence. On review, we conclude that the preponderance of substantial, reliable, and probative evidence supports the trial court's decision.

**{¶24}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR